UNITED STATES *v.* WILLIAM A. BIRD (No. 3139)[1]

United States Court of Customs and Patent Appeals, April 29, 1929

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument April 2, 1929, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

[1] T. D. 43360.

Merchandise, consisting of a silver loving cup, was assessed for duty by the collector at the port of Buffalo as a manufacture of silver at 60 per cent ad valorem under paragraph 399 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 399. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold. or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; * * *.

The importer claimed that the merchandise was free of duty, either as a work of art under paragraph 1707 or as sculpture under paragraph 1704, or, if not free of duty, dutiable as sculpture at 20 per centum ad valorem under paragraph 1449 of the Tariff Act of 1922.

Paragraphs 1707, 1704, and 1449, read, respectively, as follows:

PAR. 1707. Works of art, productions of American artists residing temporarily abroad, or other works of art, including pictorial paintings on glass, imported expressly for presentation to a national institution or to any State or municipal corporation or incorporated religious society, college, or other public institution, including stained or painted window glass or stained or painted glass windows which are works of art when imported to be used in houses of worship and when ordered after the passage of this act, valued at $15 or more per square foot, and excluding any article, in whole or in part, molded, cast, or mechanically wrought from metal within twenty years prior to importation; but such exemption shall be subject to such regulations as the Secretary of the Treasury may prescribe.

PAR. 1704. Original paintings in oil, mineral, water, or other colors, pastels, original drawings and sketches in pen, ink, pencil, or water colors, artists' proof etchings unbound, and engravings and woodcuts unbound, original sculptures or statuary, including not more than two replicas or reproductions of the same; but the terms "sculpture" and "statuary" as used in this paragraph shall be understood to include professional productions of sculptors only, whether in round or in relief, in bronze, marble, stone, terra cotta, ivory, wood, or metal, or whether cut, carved, or otherwise wrought by hand from the solid block or mass of marble, stone, or alabaster, or from metal, or cast in bronze or other metal or substance, or from wax or plaster, made as the professional productions of sculptors only; and the words "painting" and "sculpture" and "statuary" as used in this paragraph shall not be understood to include any articles of utility, nor such as are made wholly or in part by stenciling or any other mechanical process; and the words "etchings," "engravings," and "woodcuts" as used in this paragraph shall be understood to include only such as are printed by hand from plates or blocks etched or engraved with hand tools and not such as are printed from plates or blocks etched or engraved by photochemical or other mechanical processes.

PAR. 1449. Works of art, including paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same; statuary, sculptures, or copies, replicas, or reproductions thereof; and etchings and engravings; all the foregoing, not specially provided for, 20 per centum ad valorem.

It appears from the record that near the rim of the cup and encircling it are certain figures of buffaloes and of Indians on horses. The figures are intended to represent hunting scenes. No extended

description is necessary, however, as the case was presented to this court upon the theory that it was a work of art and the production of an American artist residing temporarily in France.

The court below held that the imported article was free of duty as a work of art under paragraph 1707, and the Government has appealed to this court.

The contentions in the brief of counsel for the Government are substantially as follows: First, the imported article is excluded from paragraph 1707, because, after it was first done in clay, then cast in plaster, it was (in the language of counsel for the Government) "molded, cast, or mechanically wrought from metal" (silver) "and produced within twenty years prior to importation"; and second, that there is no evidence that the imported article was imported for presentation to an institution of the character of those named in the paragraph.

As thus presented, the sole issue is one of law. Was the provision for "works of art, productions of American artists residing temporarily abroad," contained in paragraph 1707, intended by the Congress to be qualified by the succeeding provisions in the paragraph? If such was the purpose of the Congress, the imported article is excluded from the paragraph because it is conceded that, after it was done in clay and in plaster, it was made into an article of silver by being "cast in a mold" within 20 years prior to importation.

In the case of *Frei Art Glass Co.* v. *United States,* 15 Ct. Cust. Appls. 132, 135, T D. 42214, this court, with reference to the provisions of paragraph 1707, *supra,* said:

Paragraph .1707 *refers to two classes of works of art, first, the production of American artists residing temporarily abroad, and second, presentation pieces.* There is nothing in the record to indicate that, even if the imported articles now under consideration were to be classified as works of art, they belong to either of the classes designated in this paragraph. They can not, therefore, be there classified. (Italics ours.)

We are unable to understand why works of art, productions of American artists residing temporarily abroad, have or should have any relation whatever to so-called "presentation pieces," covered by the provision for "or other works of art" and succeeding provisions of the paragraph. Furthermore, from the grammatical arrangement and the common sense of the proposition, we think it is obvious that, with the exception of the clause relating to regulations to be prescribed by the Secretary of the Treasury, none of the qualifying clauses in the paragraph was intended to relate to or modify the provision for "works of art, productions of American artists residing temporarily abroad."

The judgment is *affirmed.*